**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **A.Y.**

**No. 22-551** (Mercer County 19-JAT-427)

## MEMORANDUM DECISION

Petitioner Father C.Y.[1] appeals the Circuit Court of Mercer County's June 1, 2022, order terminating his custodial and guardianship rights to A.Y.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

In April of 2019, the DHHR filed a petition alleging that A.Y. was truant, having missed twenty-seven days during the 2018-2019 school year. Upon investigation, the DHHR also discovered that the conditions in the home were unfit for the child, as it was "covered in dog feces" and lacked power and water. The conditions in the home were addressed prior to the petition's filing through an in-home safety plan. It appears that the child was permitted to remain in the home following the petition's filing.

In July of 2019, the court held an adjudicatory hearing, during which the Attendance Director for the Mercer County Board of Education testified to A.Y.'s truancy. The court then took the issue of adjudication under advisement. Following this hearing, petitioner was generally cooperative with services, but A.Y.'s school attendance issues persisted.

In March of 2021, the DHHR sought emergency custody of A.Y. because of her continuing absences from school, coupled with petitioner's failure to cooperate with DHHR services. The court heard evidence of continued truancy and its negative impact on A.Y.'s grades. As such, the court removed the child from the home. After two continuances of further adjudicatory hearings, one of which was necessitated by petitioner's failure to appear, petitioner stipulated to educational

---

[1]Petitioner appears by counsel John G. Byrd. The West Virginia Department of Health and Human Resources ("DHHR") appears by counsel Attorney General Patrick Morrisey and Assistant Attorney General Katherine A. Campbell. Thomas M. Janutolo Jr. appears as the child's guardian ad litem.

[2]We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

1

neglect in September of 2021. The circuit court also granted petitioner a post-adjudicatory improvement period, which required, among other things, that he submit to random drug screens.

By January of 2022, the multidisciplinary team ("MDT") had suspended petitioner's visits with the child, and the DHHR requested a dispositional hearing because of petitioner's noncompliance. The DHHR later agreed to an extension of the improvement period under a zero-tolerance policy for noncompliance, but petitioner failed to cooperate. The court held a dispositional hearing in May of 2022, during which the DHHR and guardian sought termination of petitioner's rights. During the hearing, a DHHR worker testified that petitioner lacked stable housing, failed to appear for MDT meetings, and did not complete the requirements of his improvement period. According to the worker, petitioner failed to show for appointments or maintain contact with the DHHR. The worker also testified that petitioner consistently tested positive for marijuana. Critically, the worker explained that when the child was removed, she functioned at a second-grade level. At the time of the hearing, the child functioned at a sixth-grade level and was on her school's honor roll.

Petitioner testified that he was fully employed and had appropriate housing. According to petitioner, the DHHR discriminated against him because of past involvement with Child Protective Services. Petitioner also admitted that the child suffered from truancy issues even when the DHHR was providing supportive services. He also admitted that he would test positive for marijuana if tested.

Based on the evidence, the court found that there was no reasonable likelihood that petitioner could substantially correct the conditions of neglect in the foreseeable future and that termination of petitioner's custodial and guardianship rights was necessary to protect the child from "serious concerns for [her] safety" and petitioner's "histor[y] of instability and inability to provide for [the child's] . . . education needs." Accordingly, the court terminated petitioner's custodial and guardianship rights.[3] It is from the dispositional order that petitioner appeals.

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Before this Court, petitioner argues that it was error to terminate his rights because the DHHR "never did anything to assist in remedying the truancy issue other than removing A.Y. from the house." This argument, however, has no basis whatsoever in the record. To begin, the DHHR attempted to remedy the truancy issue *without* removing the child from the home. Specifically, the DHHR implemented services before filing a petition, which were unsuccessful. Once a petition was filed, the child was permitted to remain in the home for approximately two years, during which time petitioner received parenting education designed to remedy this lone issue. Despite the DHHR's extensive attempts to correct the simple issue of educational neglect, the child ultimately had to be removed from the home because petitioner demonstrated an inability to improve. On appeal, petitioner argues that the DHHR failed to provide the family with an internet connection, transportation, or other services tailored

---

[3]The mother's custodial and guardianship rights were also terminated. The permanency plan for the child is legal guardianship in the current placement.

specifically to the child's education.[4] What petitioner fails to recognize, however, is that he failed to comply with the services that were offered, thereby demonstrating that additional services would have been equally ignored. Indeed, when a parent is granted an improvement period, they "shall be responsible for the initiation and completion of all terms of the improvement period." W. Va. Code § 49-4-610(4)(A). Here, petitioner failed to accept this responsibility, thereby demonstrating that additional services would have been superfluous.

Finally, petitioner argues that the circuit court erred in terminating his custodial and guardianship rights upon allegations of drug use, an issue that was not contained in any petition and for which he was not adjudicated. This argument misrepresents the record concerning the court's dispositional decision. The order on appeal mentions in passing that "the testimony indicates current issues for both [a]dult [r]espondents with substance abuse." This was a direct result of testimony establishing that petitioner failed roughly six drug screens and failed to appear for several other screens. However, the order makes it clear that petitioner's rights were terminated because of his inability to correct the child's truancy issue by virtue of his noncompliance and failure to remain in contact with the DHHR. Because petitioner's argument lacks a basis in the record, he cannot be entitled to relief. Instead, we find that the court had ample evidence upon which to base the findings necessary for termination of petitioner's custodial and guardianship rights. *See* W. Va. Code § 49-4-604(c)(6) (permitting a circuit court to terminate custodial and guardianship rights upon finding that there is no reasonable likelihood that the conditions of neglect can be substantially corrected in the near future and when necessary for the child's welfare); *see also* Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011) (permitting termination of custodial and guardianship rights "without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood . . . that conditions of neglect . . . can be substantially corrected").

For the foregoing reasons, we find no error in the decision of the circuit court, and its June 1, 2022, order is hereby affirmed.

Affirmed.

**ISSUED**: April 25, 2023

**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn

---

[4]Petitioner spends a considerable amount of the appellate brief discussing an apparent failure by the DHHR to transport the child to her grandfather's funeral. Even if the DHHR did fail to effectuate transportation to the funeral, this issue has no bearing on whether termination of petitioner's custodial and guardianship rights was in error.